**15SL-CC00544**

Electronically Filed - St Louis County - February 13, 2015 - 04:54 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Division: |
| PRACTICE RECRUITERS LLC f/k/a PRACTICE RECRUITERS INCORPORATED, | ) ) ) ) | JURY TRIAL DEMANDED |
| Serve at: Matthew Lowney Registered Agent 310 Billingsly Ct. Franklin, TN 37067 Or at Matthew Lowney Registered Agent 3102 West End Ave., Ste. 800 Nashville, TN 37203 | ) ) ) ) ) ) ) ) ) ) ) | |
| MATTHEW TODD LOWNEY, | ) ) | |
| Serve: 310 Billingsly Ct. Franklin, TN 37067 or Place of Employment: The Advisory Board Company 3102 West End Ave., Ste. 800 Nashville, TN 37203 | ) ) ) ) ) ) ) ) ) ) | |
| DAVID TROTT, | ) ) | |
| Serve: 7228 Sorrenta Rd. Knoxville, TN 37918 | ) ) ) ) | |
| and JOHN DOES 1-10, Defendants. | ) ) ) ) | |

1

## CLASS ACTION JUNK-FAX PETITION

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry brings this class action, on behalf of itself and all others similarly situated, against Defendants Practice Recruiters LLC f/k/a Practice Recruiters Incorporated, Matthew Todd Lowney, David Trott, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.  Defendant Practice Recruiters LLC f/k/a Practice Recruiters Incorporated (Practice Recruiters) is a Tennessee limited liability company with its principal office in Franklin, Tennessee.

3.  Defendant Matthew Todd Lowney is an individual who is the registered agent of Practice Recruiters, who is a member of Practice Recruiters, and who resides in Tennessee.

4.  Defendant David Trott is an individual who resides in Tennessee.

5.  Neither "Practice Recruiters LLC" nor "Practice Recruiters Incorporated" are registered with the Missouri Secretary of State to transact business in Missouri.

6. John Does 1-10 are not presently known and will be identified through discovery.

7. This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent an illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

8. Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2(4).

### THE FAX

9. On June 12, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

10. The Fax advertised the commercial availability or quality of Practice Recruiters's recruitment services.

11. The Fax bore the typed name of David Trott.

12. The Fax contained the following opt-out language:

*If you do not wish to receive future fax communications from the sender of this fax document please contact the sender by the fax, phone or email address provided in this documentation.*
*Failure to comply with your opt-out request within 30 days of receipt is unlawful.*

13. The opt-out section did not include a domestic contact telephone number and facsimile machine number for the recipient to transmit an opt-out request to the sender.

14. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example.

15. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent; and (d) determining the number and frequency of the facsimile transmissions.

16. Defendants had a high degree of involvement in, or actual notice of, the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

17. Defendants created or made the Fax and other fax advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

18. The Fax, and the other similar or identical facsimile advertisements, is a part of Defendants' work or operations to market Defendants' products, goods, or services, which was sent by and on behalf of Defendants.

19. The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

20. The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

21. Defendants' similar facsimile advertisements, including the Fax to Plaintiff, did not contain a notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

22. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, did not contain a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

23. The transmissions of facsimile advertisements, including the Fax, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 27(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

24. On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the Class throughout the time period covered by the Class definition below.

25. On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the Class in Missouri and throughout

5

the United States without first obtaining the recipients' prior express permission or invitation.

26. There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes but to receive lawful faxes.

27. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express permission or invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

28. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior permission or invitation to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

29. Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

30. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware.

31. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and to Class interfered with their exclusive use of their property.

32. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class interfered with their business and/or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, or (5) which did not display a proper opt-out notice.

34. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

35. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research as to Defendants and their marketing practices, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

7

Electronically Filed - St Louis County - February 13, 2015 - 04:54 PM

 iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

 iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

 v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

 vi. Whether Defendants violated 47 U.S.C. § 227;

 vii. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

 viii. Whether Defendants violated 47 C.F.R. § 64.1200;

 ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

 x. Whether the Court should award statutory damages;

 xi. Whether the Court should award treble damages; and

 xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u> Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel are experienced in class actions and TCPA claims. Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e. <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class

Electronically Filed - St Louis County - February 13, 2015 - 04:54 PM

Electronically Filed - St Louis County - February 13, 2015 - 04:54 PM

member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

37. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

38. The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

>   (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>   (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>   (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

39. The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

9

40. "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

41. Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

42. Defendants' actions caused damage to Plaintiff and the Class, as

   a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

   b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

   c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

   d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

43. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

44. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt out notice.

45. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express permission or invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

    a.    certify this action as a class action and appoint Plaintiff as Class representative;
    b.    appoint the undersigned counsel as Class counsel;
    c.    award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
    d.    award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);
    e.    enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
    f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

Electronically Filed - St Louis County - February 13, 2015 - 04:54 PM

g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

Dated:  February 13, 2015

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*